**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| THEODORE STEVENS, | Case No. 2:17-cv-01949-JAD-CWH |
| Plaintiff, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| HONEY WICKHAM, et al., | |
| Defendants. | |

Presently before the court is plaintiff Theodore Stevens' application to proceed *in forma pauperis* (ECF No. 1), filed on July 17, 2017.

Also before the court is plaintiff's motion to rescind settlement (ECF No. 15), filed on November 6, 2018.

Also before the court is defendants James Dzurenda, J Graham, and Brian Williams' motion to enforce settlement (ECF No. 16), filed on November 20, 2018.

Also before the court is plaintiff's motion to extend time (ECF No. 17), filed on November 28, 2018.

Also before the court is plaintiff's motion for order to return illegally seized money (ECF No. 19), filed on December 5, 2018. Defendants filed a response (ECF No. 21) on December 19, 2018. Plaintiff filed a reply (ECF No. 22) on December 21, 2018.

Also before the court is plaintiff's motion for leave to file (ECF No. 23), filed January 9, 2019.

Also before the court is plaintiff's motion to withdraw (ECF No. 25), filed on January 25, 2019.

Also before the court is plaintiff's motion to extend time (ECF No. 34), filed on June 20, 2019.

1 | Also before the court is defendant's second motion to enforce settlement (ECF No. 38), filed on July 8, 2019.

## I. BACKGROUND

This is a pro se prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that defendants retaliated against him for filing grievances and lawsuits. (Compl. (ECF No. 4).) The court entered a screening order permitting some claims to proceed, dismissing some claims with prejudice, dismissing other claims with leave to amend, and deferring a decision on plaintiff's application to proceed *in forma pauperis*. (Screening order (ECF No. 3).) Following plaintiff's deadline to amend the complaint, the court referred the action to the court's Inmate Early Mediation Program and stayed the case for 90 days. (Order (ECF No. 5).)

The mediation was held on October 19, 2018 before Mediator David A. Stephens. (Mins. of Proceedings (ECF No. 10).) Plaintiff and defendants' representatives attended the conference. (*Id.*) A settlement was reached, and the essential terms of the settlement agreement were read into the record. (*Id.*) The essential terms of the agreement were that NDOC agreed to remove $247.33 of Stevens' debt owed to NDOC and that NDOC will provide plaintiff with an appointment with a medical professional to evaluate whether plaintiff has a need for an air mattress. (*Id.*)

In light of the settlement, the court stayed the case for an additional 60 days to allow the parties to finalize the terms of their settlement agreement. (Order (ECF No. 13).) Plaintiff then moved to rescind the settlement agreement on the basis of buyer's remorse. (Mot. to Rescind (ECF No. 15).) Defendant responded by filing a motion to enforce the settlement agreement, arguing that the agreement reached during the mediation was valid and binding. (Mot. to Enforce (ECF No. 16).)

Plaintiff also moves the court to extend the deadline for him to respond to the motion to enforce, as he is compiling facts to add to his retaliation claims. (Mot. to Extend (ECF No. 17).) Plaintiff also moves for the return of money that was allegedly seized from his inmate account. (Mot. to Return (ECF No. 19).) Defendants respond to the allegations of illegally seized money, arguing that the motion is unrelated to the underlying action. (Resp. (ECF No. 21).)

Plaintiff also moves for leave to file a supplement. (Mot. for Leave (ECF No. 23).) However, plaintiff also moves to withdraw the motion, arguing that Bartel is not a proper defendant. (Mot. to Withdraw (ECF No. 25).)

Between March of 2019 until July of 2019, defendants submitted four status reports regarding the status of settlement. (*See* Status Report (ECF Nos. 27, 29, 31, 37).) In defendants' initial status report, defendants stated that they mailed a proposed settlement agreement and a proposed stipulated dismissal for plaintiff to execute, and that plaintiff had not executed either document. (ECF No. 27.) In defendants' subsequent status report, defendants stated that plaintiff informed defense counsel that he could not agree to the proposed settlement agreement. (ECF No. 29.) In their third status report, defendants stated that plaintiff added the following term to the proposed settlement agreement: "[i]f NDOC . . . serves Stevens bologna, while Stevens is on low sodium [diet], Stevens retains the right to refile suit." (ECF No. 31.) According to defendants' letter to plaintiff, they are unable to agree to the clause because it is the primary issue in *Stevens v. Duane Wilson*, et al., No. 2:17-cv-02373-RFB-NJK. (*Id.* at Ex. A.) In the final report, defendants contend that they are unable to reach an agreement as to the form and content of the settlement agreement, and that another motion to enforce the settlement agreement would be forthcoming. (ECF No. 37.)

Defendants have now filed another motion to enforce the settlement agreement. (Mot. to Enforce (ECF No. 38).) In this new motion to enforce, defendants move to enforce the settlement agreement reached during the Inmate Early Mediation in *Stevens v. Duane Wilson*, et al., No. 2:17-cv-02373-RFB-NJK. (*Id.*) Defendants argue that during the Inmate Early Mediation in *Stevens v. Duane Wilson*, a settlement was reached and that the terms of that agreement included plaintiff withdrawing his motion to rescind in this action and filing a stipulated dismissal. (*Id.*) This motion is not yet ripe, and plaintiff has yet to respond.

## II. FIRST MOTION TO ENFORCE AND MOTION TO RESCIND

The court has inherent authority to enforce settlement agreements between parties in pending litigation. *See In re City of Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). This enforcement power extends to oral

agreements. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138-39 (9th Cir. 2002). The court may not enforce a settlement agreement where the material facts are disputed. *In re City of Equities Anahiem*m, 22 F.3d at 958.

Here, plaintiff moves to rescind the settlement agreement reached during the Inmate Early Mediation in this case. Plaintiff argues that he is experiencing buyer's remorse. Plaintiff also expresses concern that he is not guaranteed an air mattress and argues that the parties did not reach an agreement on the "Graham issue."[1] In turn, defendants move to enforce the settlement agreement reached in this case, arguing that the agreement reached in this action is binding and that plaintiff's buyer's remorse is an insufficient basis to relieve him from his contractual obligation.

Having reviewed the motions and the parties' arguments, the court will grant defendants' first motion to enforce. The record reflects that plaintiff orally agreed to dismiss this action in exchange for institutional debt forgiveness in the amount of $247.33 and a medical evaluation to determine the necessity of an air mattress. (Mins. of Proceedings (ECF No. 10).) The material facts remain undisputed, but plaintiff expresses displeasure with the terms of the agreement. Plaintiff's buyer's remorse does not provide the court with a legal basis to rescind the terms of the settlement agreement. As for the Graham issue, plaintiff had the opportunity to negotiate settlement terms and then incorporate those terms into the record. However, plaintiff did not do so. Therefore, the court grants the first motion to enforce and denies the motion to rescind. Given that the court has granted the motion to enforce, the court recommends that the District Judge dismiss this case.

## III. SECOND MOTION TO ENFORCE

Defendants also move to enforce the settlement agreement reached in *Stevens v. Duane Wilson*. Defendants argue that as a part of the settlement agreement in *Stevens v. Duane Wilson*, plaintiff agreed to withdraw his motion to rescind in the current action and to dismiss the current

---

[1] Plaintiff does not elaborate on the meaning of the Graham issue. The court presumes that the Graham issue relates to defendant J Graham, as Graham is his surname.

action with prejudice. This motion is now moot, as the court has denied the motion to rescind and recommended that this action be dismissed. Therefore, the second motion to enforce is denied as moot.

**IV.     REMAINING MOTIONS**

Given that the court has enforced the settlement agreement, the remaining motions are denied as moot.

**V.      CONCLUSION AND RECOMMENDATION**

IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion to rescind (ECF No. 15) is DENIED.

IT IS FURTHER ORDERED that defendants' motion to enforce (ECF No. 16) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to extend (ECF No. 17) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion to return illegally seized money (ECF No. 19) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion for leave (ECF No. 23) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion to withdraw (ECF No. 25) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's second motion to extend (ECF No. 34) is DENIED as moot.

IT IS FURTHER ORDERED that defendants' second motion to enforce is DENIED as moot.

IT FURTHER RECOMMENDED that this case be DISMISSED.

//

//

//

## VI. NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 11, 2019

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE